J. RAMEY BEAM, TOMMY DILLINGER, Representing A Green Valley Unin-
corporated Association of Concerned Citizens v. DR. SARAH T. Mor-
ROW, Secretary of the North Carolina State Department of Human
Resources; et al.

No. 8525SC445

(Filed 19 November 1985)

Appeal and Error § 6.2— action to enjoin landfill—appeal of partial summary judg-
ment—premature

Defendants' appeal of a partial summary judgment was dismissed as
premature where plaintiffs brought an action arising from the purchase of a
landfill by the county; the partial summary judgment did not dispose of all the
claims against all the parties, but only the claim against the commissioners and
the real estate broker seeking to declare the deeds null and void; there re-
mained for later determination at trial the recovery of the $200,000 paid by
the commissioners for the purchase of the property and questions of account-
ing for expenditures by the commissioners; the trial court did not determine
that there was no just cause for delay; and no substantial right would be lost
by waiting to appeal until after trial. G.S. 1A-1, Rule 54(b), G.S. 1A-1, Rule
54(a).

APPEAL by defendants Lacey and County Commissioners
from *Ferrell, Judge.* Judgment entered 2 January 1985 in BURKE
County Superior Court. Heard in the Court of Appeals 6 Novem-
ber 1985.

Plaintiffs brought this action as owners of real property in
Avery County which adjoins a proposed sanitary landfill site and
as taxpayers. The defendants are the seller of the landfill site,
Harris Mining Company; the purchasers of the site, the Avery
County Commissioners; the real estate broker involved, S. B. and
wife Pansy Lacey; Secretary of the Department of Human Re-
sources Dr. Sarah T. Morrow; and acting head of the Solid and
Hazardous Waste Management Division of the Department of Hu-
man Resources O. W. Strickland. In their complaint filed 17 May
1984 plaintiffs alleged that the Avery County Commissioners
(Commissioners) appointed Grover Wiseman (Wiseman) as the
"sole authority" to pursue the matter of purchasing 200 acres
from Harris Mining Company (Harris) for the development of the
Avery County sanitary landfill; Wiseman made arrangements
with Municipal Engineering Services Company (Municipal) for
boring and surveying the property to determine whether it was

suitable for use as a landfill; the Commissioners intentionally avoided competitive bidding requirements by dividing Municipal's fee of approximately $20,000 into smaller payments; Municipal made no recommendation as to whether the property was suitable for use as a sanitary landfill; the Commissioners then appropriated $200,000 of County funds to purchase the property; and on 10 March 1983 Wiseman entered into a contract with Harris to purchase the 200-acre parcel. Plaintiffs requested that the Commissioners be permanently enjoined from using any portion of the property as a sanitary landfill or for any other public purpose and that the Commissioners be directed to reimburse Avery County for all sums expended in furtherance of the purchase of the property and the application for a sanitary landfill.

On 2 July 1984 plaintiffs filed an amendment to their complaint, adding a second cause of action in which they alleged that Grover Wiseman was a County Commissioner prior to 6 December 1982 and had been employed by Harris as general custodian of 3,000 acres of property which included the 200-acre tract; Wiseman was paid by Harris to keep trespassers off the property and was allowed to use a portion of the property for farming and for cutting wood. On 6 December 1982 Wiseman was given full authority by the Commissioners to pursue the purchase of the property from Harris for the Avery County landfill; on 21 February 1983 Wiseman was made Assistant County Manager for Solid Waste; the 200-acre tract was listed by real estate agent Lacey; on 1 March 1983 Wiseman contracted with Harris to purchase the property for the County for $200,000 ($10,000 was already in escrow as earnest money, $190,000 was to be paid at closing); Lacey was to receive nineteen acres in lieu of a $8,000 commission; in July 1983 Harris received the $200,000 and the deeds to Avery County and to Lacey from Harris were recorded. Plaintiffs requested that the sale of the property be declared void; that a receiver be appointed to take charge of the property; that Wiseman and the other Commissioners make an accounting of all sums expended in furtherance of purchasing the property; and that they reimburse such sums to the County.

On 14 August 1984 the Department of Human Resources entered into a consent agreement with Avery County whereby Avery County surrendered its solid waste permit which it had re-

ceived on 19 March 1984 without prejudice to its right to reapply for a permit at a future date.

On 19 September 1984 plaintiffs moved for partial summary judgment. On 2 January 1985 the trial court granted plaintiffs' motion for partial summary judgment against defendants Commissioners and Lacey. The Court ruled that the contract for the sale of the land between Harris and the Commissioners violated the public policy set forth in N.C. Gen. Stat. § 14-234 (1981) and was void and that the deeds conveying the property from Harris to Avery County and to Lacey were void as a matter of law. The Court appointed a receiver to take charge of the property pending a determination on the status of Harris with respect to the property and ordered "That all other issues pending in this action be calendared for trial. . . ." Defendants Commissioners and Lacey appealed.

*Long, Howell, Parker & Payne, P.A., by Ronald W. Howell and Robert B. Long, Jr., for plaintiffs appellees.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and William McBlief; Clement Miller & Whittle, by Charles E. Clement and Allen C. Moseley; and Kathryn G. Hemphill for defendants appellants County Commissioners.*

*G. D. Bailey and J. Todd Bailey, by J. Todd Bailey, for defendant appellant Pansy Lacey.*

WELLS, Judge.

The threshold question is whether the order allowing plaintiffs' motion for partial summary judgment is appealable. "A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) of the Rules of Civil Procedure. A final judgment disposes of the cause as to all the parties, leaving nothing to be determined between them in trial court. *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). When more than one claim for relief is presented the court may enter a final judgment as to fewer than all the claims or parties "only if there is no just reason for delay and it is so determined in the judgment." G.S. 1A-1, Rule 54(b). *See Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92, --- S.E. 2d --- (1980). Rule 54(b) also

permits appeal when fewer than all claims are determined if "expressly provided by these rules or other statutes." The "other statutes" are N.C. Gen. Stat. § 1-277 (1983) and N.C. Gen. Stat. § 7A-27(d) (1981), which allow an immediate appeal from a judicial determination which deprives appellant of a substantial right which he would lose if the ruling is not reviewed on appeal before final judgment. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *Leasing Corp., supra.*

In this case the partial summary judgment did not dispose of all the claims against all of the parties, but only the claim against the Commissioners and Lacey seeking to declare the contract and deed void. While the forecast of evidence before the trial court would appear to support the trial court's judgment, there remains for later determination at trial the questions of the accounting of the expenditures made by the Commissioners in connection with the purchase of the property and the application for a landfill permit and the recovery of the $200,000 paid by the Commissioners to Harris. The trial court did not make the determination that there is no just reason for delay. Since this order is interlocutory it is appealable only if a substantial right would be lost if the order is not reviewed before final judgment. We find that defendants Commissioners and Lacey will not lose any substantial right by waiting to appeal this issue after the trial on the issues of the accounting of the expenditures and the recovery of the $200,000. As this appeal is premature, it must be and is

Dismissed.

Chief Judge HEDRICK and Judge EAGLES concur.