DAVID H. WAGNER, ROYAL LANE APARTMENTS, LTD. AND URBAN HOUSING, INCORPORATED v. R, J & S ASSOCIATES, STUART M. FRIED AND R, J & S MANAGEMENT CORPORATION

No. 8621SC869

(Filed 3 March 1987)

**Partnership § 1.1— amendment to limited partnership agreement—amendment not signed by all partners—invalidity**

An amendment to a limited partnership agreement which removed plaintiff as a co-general partner was invalid where plaintiff was a "member" of the

limited partnership for purposes of N.C.G.S. § 59-25; the amendment was neither signed nor sworn to by plaintiff; and the amendment thus failed to comply with the N.C.G.S. § 59-25(b)(2) requirement that it be "signed and sworn to by all members. . . ."

APPEAL by plaintiffs from *Seay, Judge.* Judgment entered 13 March 1986 in FORSYTH County Superior Court. Heard in the Court of Appeals 14 January 1987.

On 14 October 1980 plaintiff David H. Wagner and defendant, R, J & S Associates and defendant Stuart Fried entered into a limited partnership agreement for the express purpose of developing, constructing, owning and operating an apartment project in Clinton, North Carolina. The partnership was to be operated under the name of Royal Lane Apartments, Ltd. (Royal). The original 14 October agreement designated Wagner as general partner and R, J & S as a special limited partner.

On 22 May 1984 R, J & S executed an amendment to the 14 October agreement. Pursuant to this amendment, R, J & S exercised its option under the terms of the 14 October agreement to become a co-general partner with Wagner. Subsequently, on 23 July 1984 R, J & S, Fried and other Royal partners with the exception of Wagner executed a second amendment to the 14 October agreement. This amendment removed Wagner as a co-general partner, leaving R, J & S Associates as the sole general partner. The amendment further provided that Wagner would remain in the partnership as a limited partner. Wagner did not sign or swear to either amendment.

Plaintiffs brought this action seeking declaratory relief that the 23 July amendment to the Royal partnership agreement was invalid, recovery of misappropriated funds, damages for breach of contract and unfair and deceptive trade practices and punitive damages. The trial court granted defendants' N.C. Gen. Stat. § 1A-1, Rule 56 motion for summary judgment as to all claims except plaintiffs' claim of alleged misappropriation of funds. Plaintiffs appealed.

*Ferguson, Stein, Watt, Wallas & Adkins, P.A., by Geraldine Sumter, for plaintiff-appellants.*

*Bell, Davis & Pitt, P.A., by Joseph T. Carruthers, for defendant-appellees.*

WELLS, Judge.

At the outset we note that plaintiffs' appeal from the court's order granting partial summary judgment may be premature. *See, e.g., Beam v. Morrow, Sec. of Human Resources,* 77 N.C. App. 800, 336 S.E. 2d 106 (1985), *disc. rev. denied,* 316 N.C. 192, 341 S.E. 2d 575 (1986). However, in the exercise of our discretion, we consider the appeal on its merits. *See Smith v. Watson,* 71 N.C. App. 351, 322 S.E. 2d 588 (1984), *disc. rev. denied,* 313 N.C. 509, 329 S.E. 2d 394 (1985).

The dispositive question for this appeal is whether the 23 July amendment to the Royal partnership agreement complies with the statutory requirements of N.C. Gen. Stat. § 59-25(a)(2) governing the amendment of limited partnership agreements. For the reasons set forth below, we hold that the 23 July amendment is invalid under G.S. § 59-25(a)(2).

G.S. § 59-25(a)(2) provides that "[t]he writing to amend a certificate shall . . . [b]e signed and sworn to by all members. . . ." G.S. § 59-25(c) further provides that "[a] person desiring the . . . amendment of a certificate, if any person designated in [G.S. § 59-25(b)(2)] as a person who must execute the writing refuses to do so, may petition the superior court to direct . . . [an] amendment thereof."

It is undisputed that, as co-general partner, Wagner was a "member" of Royal Lane Apartments, Ltd. for purposes of G.S. § 59-25 and that the 23 July amendment was neither signed nor sworn to by him. This amendment thus fails to comply with the G.S. § 59-25(b)(2) requirement that it "[b]e signed and sworn to by all members . . . ." Accordingly, it is invalid.

We note that, despite plaintiffs' contention to the contrary, Wagner's participation in the 22 May amendment was not necessary under G.S. § 59-25, since, under the express terms of original agreement to form the Royal partnership, Wagner, as general partner, gave R, J & S power of attorney "to make, execute, consent to, swear to, acknowledge, record and file any and all documents and amendments . . . of this Agreement as might be required in order to cause [R, J & S] to be admitted into the Partnership as a Co-General Partner. . . ."

---

---

Accordingly, the judgment is reversed, and the cause is remanded for entry of a judgment in favor of plaintiffs declaring the 23 July amendment invalid.

We note that defendants subsequently may attempt to execute a valid amendment removing Wagner as co-general partner by petitioning the superior court pursuant to G.S. § 59-25(c) in the event that Wagner refuses to sign and swear to such an amendment.

Plaintiffs contend that the court erred in allowing defendants to include in the record on appeal certain discovery materials. Given our disposition of plaintiffs' first argument, we do not reach this argument.

Plaintiffs do not challenge on appeal the court's granting of summary judgment dismissing plaintiffs' claims for breach of contract and unfair and deceptive trade practices. We thus do not consider whether the court properly entered summary judgment as to these claims but simply affirm that portion of the summary judgment order dismissing plaintiffs' claims for breach of contract and unfair and deceptive trade practices. We also affirm that portion of the trial court's order dismissing plaintiffs' claim for punitive damages without considering plaintiffs' argument regarding this claim since it is raised for the first time in plaintiffs' reply brief instead of their original brief as required by N.C.R. App. Proc. 28(a).

In summary, the court's order granting partial summary judgment is affirmed except for that portion of the order dismissing plaintiffs' claim for declaratory relief regarding the validity of the 23 July amendment to the Royal partnership agreement. That portion of the court's order dismissing this claim is reversed and remanded for entry of a judgment in favor of plaintiffs declaring the 23 July amendment invalid.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and GREENE concur.