BOBBY RAY CAGLE AND NANCY CAGLE, PLAINTIFFS v. WILLIAM PRESTON TEACHY, JR., DEFENDANT

No. 9219SC703

(Filed 20 July 1993)

1. **Appeal and Error § 118 (NCI4th)— denial of summary judgment—no immediate appeal by insurer**

   Plaintiffs' automobile insurer, an unnamed party under N.C.G.S. § 20-279.21, had no right to immediately appeal the denial of its motion for summary judgment made on the ground that plaintiffs' uninsured motorist coverage had been exhausted since no substantial right of the insurer was affected. Assuming that the insurer considers itself prejudiced by having the issue of insurance coverage heard before the jury which is also weighing the issue of liability, it has options other than an immediate appeal available to it, including severability of the issues or bifurcation of the trial.

   **Am Jur 2d, Appeal and Error § 104.**

2. **Appeal and Error § 118 (NCI4th)— denial of summary judgment—no immediate appeal despite certification**

   The denial of a motion for summary judgment is not a final judgment and is generally not immediately appealable even if the trial court has attempted to certify it for appeal under Rule 54(b).

   **Am Jur 2d, Appeal and Error § 104.**

Appeal by unnamed party Commercial Union Insurance Company from order denying its motion for summary judgment entered 6 March 1992 by Judge Russell G. Walker, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 27 May 1993.

## CAGLE v. TEACHY

[111 N.C. App. 244 (1993)]

*Hodgman, Elam, Gordon & Churchill, by Robert S. Hodgman, for plaintiff-appellee.*

*John T. Manning for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Knox Proctor and David P. Sousa, for Commercial Union Insurance Company, unnamed party-appellant.*

JOHN, Judge.

Plaintiffs brought this action to recover for personal injuries to Mr. Cagle and loss of consortium to Mrs. Cagle resulting from an automobile collision. Pursuant to N.C.G.S. § 20-279.21, plaintiffs served their complaint upon Commercial Union Insurance Company [hereinafter "Commercial Union"], their own insurer, which thereafter appeared in this matter as an unnamed party under the statute.

In their complaint, plaintiffs asserted that Commercial Union had issued to them two insurance policies and made allegations concerning the coverage provided. Commercial Union filed an answer and later moved for summary judgment on the grounds that all uninsured motorist coverage afforded plaintiffs by the policies had been exhausted. The trial court denied the motion, but provided in its order that "there is no just reason for delay of an appeal," and "this Order is final, as to Commercial Union Insurance Company, for purposes of Rule 54(b) of the North Carolina Rules of Civil Procedure." Commercial Union consequently appealed. We dismiss the appeal.

Although the issue is not raised by the parties in their briefs, we are required to determine whether Commercial Union's appeal is properly before us. It is the duty of an appellate court to dismiss an appeal on its own motion if there is no right to appeal. *Equitable Leasing Corp. v. Myers*, 46 N.C.App. 162, 164, 265 S.E.2d 240, 242 (1980).

[1] Basically, the right to appeal is available through two channels. *Brown v. Brown*, 77 N.C.App. 206, 207, 334 S.E.2d 506, 507 (1985), *disc. review denied*, 315 N.C. 389, 338 S.E.2d 878 (1986). First, while orders denying a motion for summary judgment are ordinarily interlocutory and not appealable, *Tridyn Industries, Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 488-89, 251 S.E.2d 443, 445-46 (1979), G.S. § 1-277 and G.S. § 7A-27 permit appeal if a substantial right of one of the parties would be prejudiced should the appeal

not be heard prior to final judgment. G.S. § 7A-27(d); *Davidson v. Knauff Ins. Agency, Inc.,* 93 N.C.App. 20, 24, 376 S.E.2d 488, 491, *disc. review denied,* 324 N.C. 577, 381 S.E.2d 772 (1989). Essentially, "a right is substantial only when it 'will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.' " *Brown,* 77 N.C.App. at 208 (quoting *Blackwelder v. Dept. of Human Resources,* 60 N.C.App. 331, 335, 299 S.E.2d 777, 780 (1983) ). No hard and fast rules exist for determining which appeals affect a substantial right. *Estrada v. Jaques,* 70 N.C.App. 627, 640, 321 S.E.2d 240, 249 (1984). Our Supreme Court has observed that "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought is entered." *Bernick v. Jurden,* 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (quoting *Waters v. Qualified Personnel,* 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978) ). We have conducted such a consideration of the record herein and find it reveals no "right" which will be clearly lost or irremediably adversely affected if Commercial Union's appeal is not presently resolved.

Assuming *arguendo* that Commercial Union considers itself prejudiced by having the issue of insurance coverage heard before a jury which is also weighing the issue of liability, and further regards this perceived potential for prejudice as a "right" sufficiently "substantial" under the statute, it nonetheless has other options or "remedies" available to it other than current consideration of its appeal. These include severability of the issues or bifurcation of the trial. Each is available to a party upon proper motion and subject to a discretionary ruling of the trial court. G.S. § 1A-1, Rule 49(b) and G.S. § 1A-1, Rule 42(b). Yet it would be both presumptuous and premature for us either to anticipate such motions or the rulings of the trial court, or to determine whether a particular ruling might constitute an abuse of the court's discretion. For the reasons stated, therefore, we hold no "substantial interest" exception is present in this case to permit appeal under G.S. § 1-277 and G.S. § 7A-27 of the court's order denying defendant's summary judgment.

[2]    Second, Rule 54(b) of the Rules of Civil Procedure allows appeal if the specific action of the trial court from which appeal is taken is *final* and the trial judge expressly determines that there is no just reason to delay appeal. G.S. § 1A-1, Rule 54(b); *Brown,* 77 N.C.App. at 207. A final judgment is one which disposes

of the cause as to all the parties, leaving nothing to be determined between them in the trial court. *Beam v. Morrow*, 77 N.C.App. 800, 802, 336 S.E.2d 106, 107 (1985), *disc. review denied*, 316 N.C. 192, 341 S.E.2d 575 (1986). An interlocutory order, on the other hand, is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. *Cunningham v. Brown*, 51 N.C.App. 264, 267, 276 S.E.2d 718, 722 (1981).

As noted above, the denial of a motion for summary judgment is not a final judgment and is generally (unless affecting a "substantial right") not immediately appealable, even if the trial court has attempted to certify it for appeal under Rule 54(b). *Henderson v. LeBauer*, 101 N.C.App. 255, 264, 399 S.E.2d 142, 147, *disc. review denied*, 328 N.C. 731, 404 S.E.2d 868 (1991). While the court below did attempt to certify there was no cause for delay and also stated its order constituted a "final" judgment as to Commercial Union, a trial court cannot by denominating its decision a "final judgment" confer appeal status under Rule 54(b) if its ruling is not indeed such a judgment. *Tridyn*, 296 N.C. at 491, 251 S.E.2d at 447. We hold that the trial court's order denying Commercial Union's motion for summary judgment did not constitute a "final" judgment and is therefore not appealable pursuant to Rule 54(b). *See Beam*, 77 N.C.App. at 802, 336 S.E.2d at 107-08.

For the reasons stated, therefore, the appeal of unnamed party Commercial Union is ordered dismissed and this cause is remanded to the trial court.

Appeal dismissed.

Judges WELLS and COZORT concur.