RUSSELL v. STATE FARM INS. CO.

[136 N.C. App. 798 (2000)]

RAYMOND B. RUSSELL, Plaintiff v. STATE FARM INSURANCE COMPANY, Defendant

No. COA99-527

(Filed 7 March 2000)

**Appeal and Error— appealability—interlocutory order—certification erroneous**

The trial court's attempt to grant Rule 54(b) certification based on its order compelling arbitration and denying defendant's motion for summary judgment fails because the order is not a final judgment, and defendant has not shown the order deprives it of a substantial right.

Appeal by defendant from order and judgment filed 4 March 1999 by Judge Oliver Noble in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 January 2000.

*Chandler, deBrun, Fink & Hayes, by Andrew Fink, for plaintiff-appellee.*

*Kennedy, Covington, Lobdell & Hickman, L.L.P., by Wayne P. Huckel and Christopher L. Ekman, for defendant-appellant.*

JOHN, Judge.

Defendant State Farm Insurance Company purports to appeal the trial court's order compelling arbitration and denying defendant's motion for summary judgment. Defendant's appeal is interlocutory and must be dismissed.

In view of our disposition, lengthy exposition of the underlying facts is unnecessary. We note plaintiff Raymond B. Russell was injured in a motor vehicle accident (the accident) 6 September 1995 while operating a motorcycle insured by defendant under a policy containing uninsured motorist coverage (the policy). Plaintiff maintains the accident was caused by a second, unidentified vehicle which fled the scene, while defendant contends plaintiff "slid in loose gravel . . . and was involved in a single vehicle accident."

Plaintiff subsequently notified defendant of the accident and his resultant personal injury, requesting compensation under Part C of the policy, "Uninsured Motorists Coverage," which dealt with collisions caused, *inter alia*, by "a hit and run vehicle." The policy provided that

[a] person seeking Uninsured Motorists Coverage must . . . :

1. Promptly notify police if a hit and run driver is involved.

Plaintiff concedes he

did not report this accident to a police officer because following the accident he was taken immediately from the scene to the hospital where he spent some time due to the injuries sustained.

Defendant denied coverage 14 March 1997.

Plaintiff thereafter requested arbitration pursuant to the following provision of the policy:

If we and an insured do not agree:

1. Whether that person is legally entitled to recover compensatory damages from the owner or driver of an uninsured motor vehicle; or

2. As to the amount of such damages;

the insured may demand to settle the dispute by arbitration.

However, defendant rejected plaintiff's request for arbitration, and plaintiff filed the instant declaratory judgment action 16 February 1998, praying that the trial court "remov[e] this action to binding arbitration." In its answer, defendant asserted that

plaintiff must commence a civil action against [defendant] to determine whether there is uninsured motorist coverage before it can resort to the arbitration provision,

and that plaintiff's failure to notify police of the accident violated provisions of the policy which constituted "a condition precedent to making an uninsured motorists claim" against defendant.

Defendant moved for summary judgment 6 January 1999. The trial court rendered its decision 4 March 1999, ordering

that all issues raised herein shall be referred to arbitration . . . with the parties having the right to have a judgment upon any arbitration award entered in any court having jurisdiction. . . .

. . . [P]laintiff's failure to report his accident to a law enforcement officer does not and will not bar his uninsured motorist claim against defendant and, therefore, defendant's motion for summary judgment is denied as a matter of law.

These decisions constitute a final judgment as to the issues of arbitrability and the continued viability of plaintiff's uninsured motorist claim and there is no just cause or reason for delaying any appeal herefrom under Rule 54 of the North Carolina Rules of Civil Procedure.

Defendant timely appealed.

Although not raised by the parties, we are obliged first to consider *sua sponte* whether defendant's appeal is properly before this Court. *See First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 246, 507 S.E.2d 56, 59 (1998). An order of the trial court

> is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action . . . in order to finally determine the entire controversy. There is generally no right to appeal an interlocutory order.

*Howerton v. Grace Hospital, Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996) (citation omitted). The rule prohibiting interlocutory appeals

> prevent[s] fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.

*Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

An order compelling arbitration and denying a motion for summary judgment, such as that entered in the instant case, is interlocutory and therefore not immediately appealable. *See The Bluffs v. Wysocki*, 68 N.C. App. 284, 285, 314 S.E.2d 291, 293 (1984) (order compelling arbitration interlocutory); *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993) (order denying motion for summary judgment interlocutory).

Notwithstanding, interlocutory orders may be appealed in two instances:

> First, a party may appeal where the trial court enters a final judgment with respect to one or more, but less than all of the parties or claims, and the court certifies the judgment as immediately appealable under Rule 54(b) of the North Carolina Rules of Civil Procedure [N.C.G.S. § 1A-1, Rule 54(b) (1999)].

RUSSELL v. STATE FARM INS. CO.

[136 N.C. App. 798 (2000)]

*Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600, *disc. review denied, cert. denied,* 350 N.C. 836, ——— S.E.2d ——— (1999). A party may also appeal an interlocutory order "if it affects a substantial right and will work injury to the appellants if not corrected before final judgment." *Perry v. Cullipher,* 69 N.C. App. 761, 762, 318 S.E.2d 354, 356 (1984). Significantly, in either instance,

> it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . .

*Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

The trial court in the instant case attempted to certify defendant's appeal pursuant to Rule 54(b).

> Rule 54(b) certification by the trial court is reviewable by this Court on appeal in the first instance because the trial court's denomination of its decree "a final . . . judgment does not make it so" if it is not such a judgment.

*First Atl.,* 131 N.C. App. at 247, 507 S.E.2d at 60 (citing *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979)).

Notwithstanding the trial court's characterization, its order compelling arbitration and denying defendant's motion for summary judgment cannot be classified a final judgment.

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be determined between them . . . .

*Cagle,* 111 N.C. App. at 246-47, 431 S.E.2d at 803. An order compelling arbitration is not a final judgment, as by its terms it "fails to resolve all issues between all parties," *First Atl.,* 131 N.C. App. at 246, 507 S.E.2d at 60, but rather refers such issues to arbitration to be resolved. Similarly,

> denial of a motion for summary judgment is not a final judgment . . . even if the trial court has attempted to certify it for appeal under Rule 54(b).

*Cagle,* 111 N.C. App. at 247, 431 S.E.2d at 803. Accordingly, the trial court's order compelling arbitration and denying defendant's motion for summary judgment "did not constitute a 'final' judgment and is . . . not appealable pursuant to Rule 54(b)." *Id.*

As the first avenue of appeal of an interlocutory order was foreclosed, defendant likewise

> did not . . . have a right to appeal the order in this case unless the order affected a substantial right that would work injury to [defendant] if not corrected before appeal from final judgment.

*Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253-54; *see also First Atl.*, 131 N.C. App. at 247, 507 S.E.2d at 60 (denial of motion for summary judgment not appealable unless substantial right prejudiced); *N.C. Electric Membership Corp. v. Duke Power Co.*, 95 N.C. App. 123, 127, 381 S.E.2d 896, 899 (order compelling arbitration not appealable unless substantial right affected), *disc. review denied*, 325 N.C. 709, 388 S.E.2d 461 (1989).

Defendant herein has

> presented neither argument nor citation to show this Court that [it] had the right to appeal the [trial court's] order . . . . It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right. . . .

*Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254.

Based on the precedent cited above, therefore, defendant's appeal must be dismissed.

Appeal dismissed.

Judges McGEE and HUNTER concur.