INMAN, Judge, concurring.
*14 I concur with the majority's decision dismissing this interlocutory appeal. I write separately to note that I do not construe N.C. Gen. Stat. § 1-569.28 or longstanding precedent to prohibit per se all interlocutory appeals from orders compelling arbitration.
Section 1-277(a) of the North Carolina General Statutes provides that
[a]n appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from *684 which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.
N.C. Gen. Stat. § 1-277(a) (2015). Although this Court and the North Carolina Supreme Court have consistently held that orders compelling arbitration do not fall within the criteria of Section 1-277(a), if an appellant asserts that an order compelling arbitration affects a substantial right, some consideration of the nature of the case at issue is necessary before rejecting the argument.
The majority's analysis regarding why appellant here has not shown that the order compelling arbitration affects a substantial right is sound but, in my view, incomplete. I would hold that in addition to the generic reasons that an order to compel arbitration generally does not affect a substantial right, appellant here has not demonstrated any factual or procedural characteristic of this case that distinguishes it from other appeals from orders compelling arbitration that have been held not to affect a substantial right. See, e.g. , N.C. Electric Membership Corp. v. Duke Power Co. , 95 N.C.App. 123, 128-29, 381 S.E.2d 896, 898-99 (1989) (holding that an order compelling arbitration did not affect a substantial right, based on analysis addressing specific contractual provisions disputed by the parties).
The majority's interpretation of our statutes and precedent as prohibiting an appeal from any order compelling arbitration provides a simple, bright line rule at the expense of an appeal of right in the rare *15 case which meets Section 1-277 's substantial right criteria. This expense may be more theoretical than practical, because an appellant who cannot establish a right to appeal can petition for certiorari review. See State v. Philip Morris USA, Inc. , 193 N.C.App. 1, 6, 666 S.E.2d 783, 787 (2008) (holding based on the contract in dispute that the appellant had not shown an order compelling arbitration affected a substantial right, but granting a petition for a writ of certiorari to review the interlocutory order). Nevertheless, I see no need to completely foreclose all such appeals where facts may arise in which a substantial right is affected.