IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-629

Filed: 18 December 2018

Yadkin County, No. 17 CVS 538

NATASHA SPENCER, Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant.

Appeal by plaintiff from order entered 23 January 2018 by Judge Richard L. Doughton in Superior Court, Yadkin County. Heard in the Court of Appeals 14 November 2018.

> *Law Office of Jonathan R. Miller, PLLC, d/b/a Salem Community Law Office, by Jonathan R. Miller, for plaintiff-appellant.*

> *Smith Debnam Narron Drake Saintsing & Myers, LLP, by Caren D. Enloe and Zachary K. Dunn, for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals from an interlocutory order compelling arbitration. Because plaintiff has not demonstrated that a substantial right would be lost if her appeal is not heard, we dismiss.

On 23 January 2018, the trial court granted defendant's motion to compel arbitration. Plaintiff concedes that

> [t]his precise question of the appealability of an order compelling arbitration has previously been decided by a different panel of this Court in *The Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 314 S.E.2d 291 (1984). This Court in *The Bluffs* held that an order compelling arbitration was

> interlocutory and did not affect a substantial right. We find the reasoning in *The Bluffs* persuasive and its holding dispositive of the case before us. Further, we are bound by it as precedent.

*N. Carolina Elec. Membership Corp. v. Duke Power Co.*, 95 N.C. App. 123, 127, 381 S.E.2d 896, 898 (1989).

The only argument plaintiff raises to distinguish this case from *N. Carolina Elec. Membership Corp.* is that it arose from an arbitration under the Revised Uniform Arbitration Act ("NC-RUAA"), but this case arises under the Federal Arbitration Act ("FAA"). But our prior cases have not relied upon any unique feature of the NC-RUAA. *See, e.g., N. Carolina Elec. Membership Corp.*, 95 N.C. App. 123, 381 S.E.2d 896. Plaintiff has not presented any single reason why an order for arbitration under the FAA would raise a substantial right but the NC-RUAA does not. Like the NC-RUAA, the FAA also normally does not allow interlocutory appeal of an order compelling arbitration.[1] The hardships plaintiff argues here are the same as those of a party appealing an arbitration order under the NC-RUAA. Plaintiff has not identified any provision of the FAA which would make immediate review necessary. We see no reason, nor does plaintiff raise any substantive reason, why the

---

[1] "(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order-- (1) granting a stay of any action under section 3 of this title; (2) directing arbitration to proceed under section 4 of this title; (3) compelling arbitration under section 206 of this title; or (4) refusing to enjoin an arbitration that is subject to this title." 9 U.S.C.A. § 16 (West 2009).

substantial right analysis would be any different under the FAA versus the NC-RUAA.

Accordingly, we dismiss this interlocutory appeal.

DISMISSED.

Judges DIETZ and MURPHY concur.