FAYE BROWN DARROCH, Plaintiff-appellee v. REBECCA SNELLING LEA, Defendant

No. COA01-642

(Filed 7 May 2002)

**1. Appeal and Error— appealability—interlocutory order— denial of summary judgment—underinsured motorist carrier—service of process—notice**

An unnamed defendant insurance company's appeal in an underinsured motorist case from the trial court's denial of its motion for summary judgment is dismissed as an appeal from an interlocutory order even though defendant claims a substantial right is affected based on its right to service of process and notice of a pending lawsuit and exposure to an insurance claim, because: (1) the formal service of process requirement of our Rules of Civil Procedure do not apply to N.C.G.S. § 20-279.21(b)(4); and (2) plaintiff was not required to notify defendant within the three-year statute of limitations for negligence.

DARROCH v. LEA

[150 N.C. App. 156 (2002)]

**2. Appeal and Error— appealability—interlocutory order— denial of summary judgment—possibility of binding arbitration award**

An unnamed defendant insurance company's appeal in an underinsured motorist case from the trial court's denial of its motion for summary judgment is dismissed as an appeal from an interlocutory order even though defendant contends a substantial right is affected by the possibility that plaintiff could receive a binding arbitration award before the issue of underinsured motorist coverage is determined, because no substantial right is affected by an appeal from an interlocutory order compelling arbitration since the parties have access to the courts.

Appeal by unnamed appellant (North Carolina Farm Bureau Mutual Insurance Company) from judgment entered 8 February 2001 by Judge E. Lynn Johnson in Harnett County Superior Court. Heard in the Court of Appeals 25 March 2002.

*Brent Adams and Associates, by Brenton D. Adams, for plaintiff-appellee.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Reid Russell, for unnamed appellant.*

BRYANT, Judge.

This is an action to recover under plaintiff's underinsured motorist coverage. On 11 September 1996, plaintiff was injured in an automobile accident in Moore County. On 9 July 1999, plaintiff filed a negligence action against the driver [defendant] of the other automobile. Defendant answered, denying liability and raising contributory negligence as a defense. On 28 February 2000, Plaintiff notified North Carolina Farm Bureau Mutual Insurance Company [Farm Bureau], her underinsured motorist carrier, of the complaint. On or about 3 May 2000, Farm Bureau filed an answer, raising contributory negligence and the statute of limitations as defenses. On the same day, Allstate Insurance Company, defendant's insurance company, tendered its policy limit of $25,000 to plaintiff. Also on the same day (3 May 2000), Farm Bureau was notified that Allstate had tendered its policy limit. On 1 June 2000, Farm Bureau mailed to plaintiff $25,000 and requested that plaintiff execute an "Advance and Trust Agreement," and that plaintiff's counsel hold the check pending the execution of that agreement. Plaintiff refused to sign

DARROCH v. LEA

[150 N.C. App. 156 (2002)]

the agreement because it contained provisions with which plaintiff disagreed.

On 25 July 2000, plaintiff filed a motion to compel arbitration pursuant to the insurance policy. In an order filed on 6 October 2000, the trial court concluded that Farm Bureau waived its rights to subrogation and to approve a settlement between plaintiff and Allstate Insurance Company. The court ordered the action stayed and ordered the parties to submit to arbitration. Farm Bureau amended its answer to include defenses of insufficiency of process and insufficiency of service of process. On 19 October 2000, Farm Bureau filed an amended motion for summary judgment which included these defenses. The trial court denied defendant's motion for summary judgment in an order filed 8 February 2001. Farm Bureau appealed.

---

In its 19 October 2000 amended motion for summary judgment, Farm Bureau states that the basis of its motion

> is that there has been insufficiency of process as to movant, that there has been insufficiency of service of process as to the movant, this [sic] this Court lacks jurisdiction over movant, that movant was never properly served with copies of the Civil Summons and Complaint before the expiration of the statute of limitations, that movant was never provided with notice of the initiation of this lawsuit before the expiration of the statute of limitations, and, therefore, Plaintiff is barred from recovering under her underinsured motorist policy with movant.

We must first address whether this appeal is interlocutory. Generally, there is no right to appeal from an interlocutory order. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 667 (2000). " 'An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy.' " *Id.* at 141, 526 S.E.2d at 669 (quoting *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995)). An appeal from an interlocutory order may be taken under two circumstances: 1) the order is final as to some but not all the parties and there is no just reason to delay the appeal; or 2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed. *Id.*; *see* N.C.G.S. §§ 1-277(a), 7A-27(d) (1999).

DARROCH v. LEA

[150 N.C. App. 156 (2002)]

## I.

[1] Farm Bureau concedes that this appeal is from an interlocutory order. However, Farm Bureau argues that a substantial right is at stake, and that its substantial right will be lost without immediate review. "A substantial right is 'one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.' " *Turner*, 137 N.C. App. at 142, 526 S.E.2d at 670. In this case, Farm Bureau first argues that "as the underinsured motorist carrier, it had a statutory right to be formally served with a Summons and Complaint and to be promptly notified should plaintiff initiate a lawsuit which may invoke underinsured motorist coverage under one of its policies." Farm Bureau argues that the right to service of process and notice of a pending lawsuit and exposure to an insurance claim is a substantial right because "it affords the underinsured motorist carrier the opportunity to appear in the suit as an unnamed party and participate in the suit as fully as if it were a party." (citing N.C.G.S. § 20-279.21(b)(4)). Whether or not a substantial right is affected, as Farm Bureau argues, turns on whether Farm Bureau has a right to formal service of process. Therefore, we must determine whether our Rules of Civil Procedure apply to N.C.G.S. § 20-279.21(b)(4).

N.C.G.S. § 20-279.21(b)(4) provides in pertinent part:

A party injured by the operation of an underinsured highway vehicle who institutes a suit for the recovery of moneys for those injuries and in such an amount that, if recovered, would support a claim under underinsured motorist coverage shall give notice of the initiation of the suit to the underinsured motorist insurer as well as to the insurer providing primary liability coverage upon the underinsured highway vehicle. Upon receipt of notice, the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party. The underinsured motorist insurer may elect, but may not be compelled, to appear in the action in its own name and present therein a claim against other parties . . . .

N.C.G.S. § 20-279.21(b)(4) (1999). This Court held in *Liberty Mut. Ins. Co. v. Pennington*, 141 N.C. App. 495, 541 S.E.2d 503 (2000) *cert. allowed*, 353 N.C. 451, 548 S.E.2d 526 (2001), that the Rules of Civil Procedure do not apply such that an underinsured motorist carrier must be served with pleadings as a party. In *Pennington*, the insureds notified their carrier after an automobile accident that they intended

to claim benefits under the policy. The carrier opted not to advance funds to the insureds, and sought a declaratory judgment. The carrier argued that the insureds were not entitled to coverage because: 1) they failed to properly notify the carrier; and, 2) the three-year statute of limitations in the underlying action had expired before the carrier was notified. The trial court granted the carrier's motion for summary judgment. On appeal, this Court reversed, holding that N.C.G.S. § 20-279.21(b)(4)

> does not require that an underinsured motorist carrier be served with pleadings as a party, nor does it require that such carrier appear in the action. Indeed, the subsection allows the underinsured motorist carrier to proceed in an action *as if* it were a party, without being named as such. Further, this provision does not provide a specific time within which an insured must notify her insurer, nor does it dictate how the insured must notify her carrier about the claim.

*Pennington*, 141 N.C. App. at 498, 541 S.E.2d at 506.

In the instant case, Farm Bureau argues that § 20-279.21(b)(4) provides that the provisions of (b)(3) also apply to coverage required by (b)(4); therefore, formal notice requirements must be met. We disagree. The *Pennington* Court compared (b)(4) with (b)(3) by stating:

> We compare this provision to N.C. Gen. Stat. § 20-279.21(b)(3) (1993), which governs notification to an *uninsured* motorist carrier. That subsection, unlike the underinsured motorist subsection, envisions *serving* the uninsured motorist carrier with a copy of the summons and complaint, and requires that the uninsured motorist carrier be a party to the action. Because these requirements are strikingly absent from subsection (b)(4), which governs the underinsured motorist claims, our General Assembly must have intended for the notification provisions of the two statutes to be construed differently. It follows that subsection (b)(4) does not require that an underinsured motorist carrier be notified of a claim within the statute of limitations governing the tortfeasor.

*Pennington*, 141 N.C. App. at 498-99, 541 S.E.2d at 506. Based on *Pennington*, we hold that the formal service of process requirement of our Rules of Civil Procedure do not apply to § 20-279.21(b)(4). We further hold that plaintiff was not required to notify Farm Bureau

within the three-year statute of limitations for negligence. As the *Pennington* Court noted, "while the statute of limitations would serve to bar underinsured motorist coverage when the insured fails to bring a timely claim against a tortfeasor, the statute of limitations for tort claims generally does not impact the notification provisions of N.C. Gen. Stat. § 20-279.21(b)(4)." *Id.*

## II.

**[2]** Farm Bureau next argues that it would be deprived of a substantial right if plaintiff received a binding arbitration award before resolving whether plaintiff is covered under the underinsured motorist policy. We disagree.

In *Russell v. State Farm Ins. Co.*, 136 N.C. App. 798, 526 S.E.2d 494 (2000), the insured requested compensation from his uninsured motorist carrier when he was injured in a motorcycle accident. When the carrier denied coverage, the insured requested arbitration under an arbitration clause stating:

If we and an insured do not agree:

1. Whether that person is legally entitled to recover compensatory damages from the owner or driver of an uninsured motor vehicle; or

2. As to the amount of such damages;

the insured may demand to settle the dispute by arbitration.

*Id.* at 799, 526 S.E.2d at 495. The insured filed a declaratory judgment action seeking that the action be removed to binding arbitration. The carrier asserted that

[the insured] must commence a civil action against [the carrier] to determine whether there is uninsured motorist coverage before it can resort to the arbitration provision, and that [the insured's] failure to notify police of the accident violated provisions of the policy which constituted 'a condition precedent to making an uninsured motorists claim' against [the carrier].

*Id.* The trial court denied the carrier's motion for summary judgment and ordered the issues referred to arbitration. On appeal, this Court dismissed the appeal as interlocutory, stating that "[a]n order compelling arbitration and denying a motion for summary judgment, such

**DARROCH v. LEA**

[150 N.C. App. 156 (2002)]

as that entered in the instant case, is interlocutory and therefore not immediately appealable." *Id.* at 800, 526 S.E.2d at 496. The *Russell* Court refused to reach the issue of whether a substantial right was affected because the carrier failed to comply with our Rules of Appellate Procedure.

In the instant case, Farm Bureau argues that, although the appeal is from an interlocutory order, the issue of coverage should be decided before the issue of liability because a substantial right is affected. However, this Court previously held in *The Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 285, 314 S.E.2d 291, 293 (1984), that no substantial right is affected by an interlocutory appeal from an order compelling arbitration because the parties have access to the courts. A party may petition the court after arbitration for an order confirming, vacating, modifying or correcting an arbitration award. *Id.* (citing N.C.G.S. §§ 1-567.12 to -567.14). Once granted, the trial court enters a judgment or decree in conformity with that order. *Id.* (citing N.C.G.S. § 1-567.15). A party may then appeal the trial court's order or judgment. *Id.* (citing N.C.G.S. § 1-567.18 (a)(3) to -(6)).

In the instant case, Farm Bureau appealed from the trial court's denial of its motion for summary judgment, claiming that a substantial right is affected because of the possibility that plaintiff could receive a binding arbitration award before the issue of coverage is determined. We find *Russell* and *Wysocki* to be on point and hold that this is an interlocutory appeal which does not affect a substantial right.

APPEAL DISMISSED.

Judges EAGLES and HUDSON concur.