IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1136

Filed: 15 August 2017

Halifax County, No. 15CVS1112

C. TERRY HUNT INDUSTRIES, INC., Plaintiff,

v.

KLAUSNER LUMBER TWO, LLC, Defendant.

Appeal by plaintiff from orders entered 31 May 2016 and 17 June 2016 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 19 April 2017.

> *Hamilton Stephens Steele + Martin, PLLC, by Nancy S. Litwak and Erik M. Rosenwood, for plaintiff-appellant.*
>
> *Nexsen Pruet, PLLC, by David S. Pokela and Eric H. Biesecker, for defendant-appellee.*

BERGER, Judge.

C. Terry Hunt Industries, Inc. ("Hunt") appeals from the order filed on May 31, 2016 granting the motion to compel arbitration made by Klausner Lumber Two, LLC ("Klausner"). Hunt also appeals from the order filed on June 17, 2016 denying both the motion to reconsider the order granting the motion to compel arbitration, and the motion to alter or amend the order. The interlocutory order compelled arbitration in Hunt's lawsuit claiming breach of a preliminary agreement for a construction project.

Hunt argues that interlocutory review is proper because the order affects a substantial right. We disagree and dismiss the appeal.

## Factual & Procedural Background

On August 19, 2014, Hunt and Klausner entered into a Preliminary Contract Agreement and Authorization to Proceed (the "Preliminary Agreement"). In the Preliminary Agreement, Hunt agreed to provide the materials and labor necessary to construct a sawmill on property owned by Klausner in Halifax County, North Carolina (the "N.C. Project"). The Preliminary Agreement preceded the anticipated execution of a contract (the "N.C. Contract") that would set the terms and conditions for the N.C. Project.

The Preliminary Agreement incorporated the contract used by the parties for a prior sawmill construction project completed in Live Oak, Florida (the "F.L. Contract"). This agreement provided, in pertinent part:

> 1.2 WHEREAS [Klausner] hereby intends to engage [Hunt] to undertake and perform all Work . . . in accordance with the [N.C.] Contract Documents for [Klausner's] [N.C. Project], including the obligations and related liabilities as defined in the [N.C.] Contract, and [Hunt] has agreed to such engagement upon and subject to the terms and conditions of the [N.C]. Contract[.]
>
> . . . .
>
> 2.1 In this Agreement, words and expressions shall have the same meanings as are respectively assigned to them in the [N.C.] Contract. The form and language of the [N.C.] Contract . . . shall be based on that used previously by the

Parties for the Sawmill Project located in Live Oak, Florida. References in this Agreement to specific Articles or language to be included in the [N.C.] Contract shall refer to those same Articles and language included in the [F.L. Contract].

Additionally, the parties agreed that work on the N.C. Project would commence once the Preliminary Agreement was executed, prior to the completion of any other documents pertaining to the N.C. Contract. However, pursuant to the Preliminary Agreement, once the remaining N.C. Contract documents were agreed upon by the two parties, "they shall, along with [the Preliminary Agreement], constitute the [N.C. Contract] Documents."

The F.L. Contract, the form and language of which the parties agreed would form the basis of the N.C. Contract, contained a three-step dispute resolution procedure in Sections 13.11-13.13. This procedure was enumerated in the F.L. Contract as follows:

> 13.11 <u>Direct Discussions</u>. If the Parties cannot reach resolution on a matter relating to or arising out of the Agreement, the Parties shall endeavor to reach resolution through good faith direct discussions between the Parties' representatives . . . . If the Parties' representatives are not able to resolve such matter . . . senior executives of the Parties shall meet . . . to endeavor to reach resolution. If the dispute remains unresolved . . . the Parties shall submit such matter to the dispute mitigation and dispute resolution procedures . . . herein.
>
> 13.12 <u>Mediation</u>. If direct discussions . . . do not result in resolution of the matter, the Parties shall endeavor to resolve the matter by mediation through the current

Construction Industry Mediation Rules of the American Arbitration Association . . . .

13.13 <u>Binding Dispute Resolution</u>. If the matter is unresolved after submission of the matter to a mitigation procedure or to mediation, the Parties shall submit the matter to the binding dispute resolution procedure designated herein[,] Arbitration[,] using the current Construction Industry Arbitration Rules of the American Arbitration Association . . . .

From approximately October 27, 2014 until February 10, 2015, Hunt and Klausner attempted to negotiate the remaining terms of the N.C. Contract. However, negotiations stalled and no additional terms or documents were agreed upon by the parties. Instead of submitting the dispute to mediation, and then, if still unresolved, to arbitration, the parties moved toward litigating their dispute.

On November 24, 2015, Hunt filed a complaint against Klausner alleging breach of contract, quantum meruit, and enforcement of lien on property. In response to Hunt's complaint, Klausner filed a motion to dismiss, and an alternative motion to stay litigation and compel arbitration.

Following a hearing, the trial court filed an order on May 31, 2016 that granted Klausner's motion to stay litigation and compel arbitration. The trial court not only concluded that the parties had a valid and applicable arbitration agreement, but it also found that the "Preliminary Agreement incorporates by reference all the terms and conditions of the Florida Contract."

Hunt filed a motion to reconsider the order granting the motion to stay litigation and compel arbitration, and an alternative motion to alter or amend the order compelling arbitration. Both motions were denied by the trial court in an order filed June 17, 2016. It is from the May 31 and June 17 orders that Hunt appeals.

Analysis

Pursuant to N.C. Gen. Stat. § 1-569.6(b), in order to determine the validity of an arbitration agreement, "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." N.C.G.S. § 1-569.6(b) (2015). "Once a court has determined that a claim is subject to arbitration, then the merits of that claim . . . must be decided by the arbitrator." *State v. Philip Morris USA, Inc.*, 193 N.C. App. 1, 18, 666 S.E.2d 783, 794 (2008), *writ denied, review denied,* 676 S.E.2d 54 (2009) (citing *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991) ("Courts must be careful not to overreach and decide the merits of an arbitrable claim. Our role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." (brackets and quotation marks omitted)), *cert denied*, 503 U.S. 919, 117 L. Ed. 2d 516 (1992)).

As a general principal, "there is no right to appeal from an interlocutory order." *Darroch v. Lea*, 150 N.C. App. 156, 158, 563 S.E.2d 219, 221 (2002) (citation omitted). "An interlocutory order is one made during the pendency of an action, which does not

dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 76, 711 S.E.2d 185, 188 (2011) (citation and quotation marks omitted). While an interlocutory appeal may be allowed in "exceptional cases," this Court must dismiss an interlocutory appeal for lack of subject-matter jurisdiction, unless the appellant is able to carry its "burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature." *Id.* at 77, 711 S.E.2d at 188-89 (citation omitted).

There are two instances in which an interlocutory appeal may be allowed:

> First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal citations and quotation marks omitted). In the instant case, Hunt argues that this appeal from the order compelling arbitration is proper because it affects a substantial right. We disagree.

This Court has held that an order compelling arbitration affects no substantial right that would warrant immediate appellate review under N.C. Gen. Stat. § 1-277.

*See N.C. Electric Membership Corp. v. Duke Power Co.*, 95 N.C. App. 123, 127-29, 381 S.E.2d 896, 898-99, *disc. review denied*, 325 N.C. 709, 388 S.E.2d 461 (1989); *The Bluffs v. Wysocki*, 68 N.C. App. 284, 285, 314 S.E.2d 291, 293 (1984). Although Hunt argues that its appeal concerns the scope of the trial court's order, rather than merely the grant of the order, this minor difference in degree does not affect our review of an order compelling arbitration.

"A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and quotation marks omitted). No substantial rights are affected by an order compelling arbitration because the parties have not been barred access to the courts. *Darroch*, 150 N.C. App. at 162, 563 S.E.2d at 223 (citation omitted). The applicable statutory scheme, our Revised Uniform Arbitration Act (the "Act"), N.C. Gen. Stat. § 1-569.1 to .31 (2015), provides in Subsections .23 and .24 procedures by which a party to an arbitration may move the trial court to vacate, modify, or correct an arbitration award. One such ground for vacating an arbitration award is that there was no agreement to arbitrate. N.C.G.S. § 1-569.23(5) (2015). Accordingly, Plaintiff can obtain judicial review of the award resulting from arbitrating this matter.

Furthermore, Subsection .28 of the Act provides an enumerated list of the grounds from which an appeal may be taken:

(a)    An appeal may be taken from:

(1)    An order denying a motion to compel arbitration;

(2)    An order granting a motion to stay arbitration;

(3)    An order confirming or denying confirmation of an award;

(4)    An order modifying or correcting an award;

(5)    An order vacating an award without directing a rehearing; or

(6)    A final judgment entered pursuant to this Article.

N.C.G.S. § 1-569.28 (2015).  In analyzing the relevant portions of this Act, this Court has noted the six situations listed above and the "conspicuous absence from the list of an appeal from an order compelling arbitration.  Such an order, [we have] held, is interlocutory and not immediately appealable." *N.C. Electric Membership Corp.*, 95 N.C. App. at 127, 381 S.E.2d at 899 (citing *The Bluffs*, 68 N.C. App. at 285, 314 S.E.2d at 293).

"To [further] aid in statutory construction, the doctrine of *expressio unius est exclusio alterius* provides that the mention of such specific exceptions implies the exclusion of others." *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987) (citations omitted).  Under this doctrine, by specifically enumerating the permissible grounds for appeal, we can infer that the Legislature purposely excluded any other grounds for appeal not included in the statutory text.  *See Patmore*

*v. Town of Chapel Hill,* 233 N.C. App. 133, 141, 757 S.E.2d 302, 307 (2014). Accordingly, under Subsection .28, there is no right to interlocutory review of an order compelling arbitration. *Laws v. Horizon Housing, Inc.*, 137 N.C. App. 770, 771, 529 S.E.2d 695, 696 (2000) (citation omitted).

Hunt is unable to demonstrate that the order compelling arbitration affects a substantial right because Hunt is not barred from seeking relief from the trial court, and ultimately from petitioning this Court following arbitration. Additionally, under Subsection .28 of the Act, an order compelling arbitration is not an enumerated ground for appellate review of arbitration orders. For these reasons, we are unable to reach the merits of this appeal for lack of subject-matter jurisdiction.

## Conclusion

Because an order compelling arbitration is interlocutory, and neither affects a substantial right that would be lost without our review, nor falls within the enumerated grant of appellate review of N.C. Gen. Stat. § 1-569.28, this appeal must be dismissed for lack of subject-matter jurisdiction.

DISMISSED.

Judge ELMORE concurs.

Judge INMAN concurs with separate opinion.

INMAN, Judge, concurring.

I concur with the majority's decision dismissing this interlocutory appeal. I write separately to note that I do not construe N.C. Gen. Stat. § 1-569.28 or longstanding precedent to prohibit *per se* all interlocutory appeals from orders compelling arbitration.

Section 1-277(a) of the North Carolina General Statutes provides that

> [a]n appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

N.C. Gen. Stat. § 1-277(a) (2015). Although this Court and the North Carolina Supreme Court have consistently held that orders compelling arbitration do not fall within the criteria of Section 1-277(a), if an appellant asserts that an order compelling arbitration affects a substantial right, some consideration of the nature of the case at issue is necessary before rejecting the argument.

The majority's analysis regarding why appellant here has not shown that the order compelling arbitration affects a substantial right is sound but, in my view, incomplete. I would hold that in addition to the generic reasons that an order to compel arbitration generally does not affect a substantial right, appellant here has not demonstrated any factual or procedural characteristic of this case that

distinguishes it from other appeals from orders compelling arbitration that have been held not to affect a substantial right. *See, e.g., N.C. Electric Membership Corp. v. Duke Power Co.*, 95 N.C. App. 123, 128-29, 381, S.E.2d 896, 898-99 (1989)(holding that an order compelling arbitration did not affect a substantial right, based on analysis addressing specific contractual provisions disputed by the parties).

The majority's interpretation of our statutes and precedent as prohibiting an appeal from *any* order compelling arbitration provides a simple, bright line rule at the expense of an appeal of right in the rare case which meets Section 1-277's substantial right criteria. This expense may be more theoretical than practical, because an appellant who cannot establish a right to appeal can petition for certiorari review. *See State v. Phillip Morris USA, Inc.*, 193 N.C. App. 1, 6, 666 S.E.2d 783, 787 (2008)(holding based on the contract in dispute that the appellant had not shown an order compelling arbitration affected a substantial right, but granting a petition for a writ of certiorari to review the interlocutory order). Nevertheless, I see no need to completely foreclose all such appeals where facts may arise in which a substantial right is affected.