IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-707

No. COA22-116

Filed 1 November 2022

Catawba County, No. 20 CVS 2090

TOD COLES, Plaintiff,

v.

SUGARLEAF LABS, INC. (formerly known as Neptune Acquisition USA, Inc.), and
NEPTUNE WELLNESS SOLUTIONS, INC., Defendants.

Appeal by Plaintiff from an order entered 17 August 2021 by Judge Gregory
Hayes in Catawba County Superior Court. Heard in the Court of Appeals 6
September 2022.

> *Law Offices of Matthew K. Rogers, PLLC, by Matthew K. Rogers, for Plaintiff-*
> *Appellant.*

> *Jackson Lewis P.C., by H. Bernard Tisdale, III, and Janean B. Dunn, for*
> *Defendants-Appellees.*

INMAN, Judge.

¶ 1        Plaintiff-Appellant Tod Coles ("Plaintiff") appeals from an order compelling
arbitration and dismissing his complaint with prejudice. The parties dispute whether
this Court has jurisdiction over this appeal. Orders compelling arbitration are
interlocutory and are generally not immediately appealable, but a dismissal of a
complaint with prejudice ordinarily operates as a final judgment from which a party

may immediately appeal. After careful review, we hold that the trial court's dismissal with prejudice was in error under North Carolina law, vacate that portion of the trial court's order, and remand for entry of a stay. But, because we would otherwise lack jurisdiction to consider Plaintiff's appeal, we dismiss Plaintiff's appeal without consideration of its merits and leave undisturbed the remainder of the trial court's order compelling arbitration.

## I.    FACTUAL AND PROCEDURAL HISTORY

The record below discloses the following:

In 2018, Plaintiff was employed as the president of Sugarleaf Labs, LLC and Forest Remedies, LLC, two entities involved in the processing and sale of hemp products. The following year, Defendant Neptune Wellness Solutions, Inc. ("Neptune") purchased Sugarleaf Labs, LLC, and Forest Remedies, LLC, through a newly-formed subsidiary, Defendant Sugarleaf Labs, Inc. ("Sugarleaf," together with Neptune as "Defendants").

Neptune's purchase of Plaintiff's employers was memorialized in an Asset Purchase Agreement ("APA"). The APA required Sugarleaf to enter into new employment agreements with certain key employees, including Plaintiff. It also required that any disputes relating to the APA and its "Ancillary Documents"—defined to include Plaintiff's employment agreement with Sugarleaf—must be resolved through arbitration.

¶ 5       On 24 July 2019, after the APA was executed, Plaintiff and Sugarleaf entered into the contemplated employment agreement; this agreement did not include an arbitration provision, and Plaintiff was not a signatory to the earlier APA. However, the employment agreement did expressly state that it was a condition of the APA and that the employment agreement "include[ed] . . . the agreements and other documents referenced in this Agreement."

¶ 6       Sugarleaf eventually terminated Plaintiff's employment, leading him to sue Defendants for: (1) breach of contract; (2) fraud; (3) negligent misrepresentation; (4) Wage & Hour Act violations; (5) injunctive relief; and (6) unfair and deceptive trade practices. Defendants filed an answer and subsequently moved "to compel arbitration and dismiss, or in the alternative, stay pending arbitration." Defendants premised their motion to compel arbitration on Plaintiff's admission in his complaint that he was a third-party beneficiary under the APA and argued that Plaintiff could only enforce the employment agreement consistent with the APA's mandatory arbitration provision. The motion included several exhibits, namely pertinent portions of the executed APA, Plaintiff's employment agreement with Sugarleaf, and emails showing Plaintiff's refusal to arbitrate.

¶ 7    Both parties submitted briefs to the trial court in advance of the hearing. Plaintiff argued that there was no evidence[1] he had agreed to arbitrate any claims because he did not sign the APA, and any attempt to enforce the APA's arbitration provision against him would be contrary to North Carolina public policy.

¶ 8    Defendants' brief asserted that under either the Federal Arbitration Act ("FAA") or the North Carolina Revised Uniform Arbitration Act ("RUAA"), the trial court was required to stay the proceeding and compel arbitration. They argued that regardless of which statute applied, North Carolina contract and agency law requires a third-party beneficiary seeking to enforce a contract with a mandatory arbitration provision to do so through arbitration. Defendants' brief also included several additional documentary exhibits showing Plaintiff's agency/third-party beneficiary relationship to the APA and its signatories.

¶ 9    The trial court heard Defendants' motion via Webex on 25 January 2021. It allowed Defendants' motion from the bench, concluding that the employment agreement was part of the APA (and vice-versa). The trial court did not, however,

---

[1] Plaintiff challenged the competency and sufficiency of the evidence presented below concerning the existence of an agreement to arbitrate, and he maintains that challenge on appeal. Because we dismiss his appeal without addressing its substance, we do not purport to decide whether the record includes sufficient admissible evidence to compel arbitration or support the trial court's findings of fact to that effect. *Goetz v. N.C. Dept. of Health & Human Svcs.*, 203 N.C. App. 421, 433, 692 S.E.2d 395, 403 (2010) (holding that appeals dismissed as interlocutory contain "no rulings of law which could become the law of the case").

expressly indicate whether it was staying the action, which typically occurs when a motion to compel arbitration is granted, or dismissing the action, as requested by Defendants' motion.

¶ 10 After the parties submitted dueling proposed orders, the trial court entered a written order compelling arbitration and dismissing Plaintiff's complaint with prejudice. Plaintiff now appeals, arguing that the dismissal with prejudice is a final judgment or, if interlocutory, affects a substantial right. Failing that, he requests this Court treat his brief as a petition for writ of certiorari.

## II. ANALYSIS

¶ 11 Plaintiff asserts on appeal that the trial court's order is immediately appealable as a final judgment because it dismissed his complaint with prejudice. Defendants maintain that the order is interlocutory, does not affect a substantial right, and is thus not subject to immediate appeal. *See, e.g., C. Terry Hunt Indus., Inc. v. Klausner Lumber Two, LLC*, 255 N.C. App. 8, 12, 803 S.E.2d 679, 682 (2017) (holding an order compelling arbitration is not immediately appealable for these reasons).

¶ 12 Both parties are correct to some extent: a dismissal with prejudice is a final judgment, but an order compelling arbitration—properly entered—is interlocutory and not subject to immediate appeal as of right. Thus, by compelling arbitration *and* dismissing Plaintiff's complaint with prejudice, the trial court entered something

akin to Schrodinger's cat: an appealable unappealable order, an interlocutory final judgment.

¶ 13    Faced with this quantum-state quandary, and reviewing the relevant statutes and caselaw, we hold that the trial court erred in dismissing Plaintiff's complaint with prejudice. After compelling arbitration, the trial court was required to stay proceedings based on the mandatory language of the RUAA, which supplies the applicable procedural law in this case. We therefore vacate that portion of the order and remand for entry of an order staying the action pending arbitration.

¶ 14    As for Plaintiff's substantive arguments contending the trial court erred in compelling arbitration, we dismiss that portion of the appeal because our precedents establish that such orders are neither final judgments nor interlocutory orders affecting a substantial right subject to immediate appeal. Lastly, we decline in our discretion to treat Plaintiff's brief as a petition for writ of certiorari on this issue.

**A. Appellate Jurisdiction Generally**

¶ 15    Appellate jurisdiction is a threshold issue that we must consider *sua sponte*. *Akers v. City of Mount Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006). Whether this Court has jurisdiction turns largely on the nature—interlocutory or final—of the order from which the parties appeal. A party may always appeal from a final judgment, *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001), which our caselaw defines as "one which disposes of the cause as to all the

parties, leaving nothing to be judicially determined between them in the trial court[,]" *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Stated differently, "[a] final judgment generally is one which ends the litigation on the merits." *Duncan v. Duncan*, 366 N.C. 544, 545, 742 S.E.2d 799, 801 (2013) (cleaned up).

¶ 16    Interlocutory orders differ substantially from final judgments both in their character and their appealability. Such orders are made "during the pendency of an action, which do[] not dispose of the case, but leave[] it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. In layperson's terms, an interlocutory order is entered *during* an ongoing court case, while a final judgment *ends* a lawsuit. And, unlike a final judgment, an interlocutory order is only appealable if the order "is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b)," *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995), or if it "affects a substantial right of the appellant that would be lost without immediate review." *Embler*, 143 N.C. App. at 165, 545 S.E.2d at 261 (citations omitted). This important limitation serves to "prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally

dispose of the case before an appeal can be heard." *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980).

### B. Appealability of Orders Compelling Arbitration and Dismissals with Prejudice

¶ 17        Our caselaw concerning the appealability of orders compelling arbitration establishes two key points: (1) "[a]n order compelling the parties to arbitrate is an interlocutory order," *Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 285, 314 S.E.2d 291, 293 (1984); and (2) "an order compelling arbitration affects no substantial right that would warrant immediate appellate review," *C. Terry Hunt Indus., Inc.* 255 N.C. App. at 12, 803 S.E.2d at 682. Thus, as an ordinary matter, a party may not immediately appeal an order compelling arbitration. *Id.*

¶ 18        Equally ordinary, however, is the principle that dismissals of lawsuits with prejudice are immediately appealable as final judgments adjudicating matters on the merits. *See Doe v. Roman Catholic Diocese of Charlotte*, 2022-NCCOA-288, ¶ 13 (noting a summary judgment order dismissing a complaint with prejudice was immediately appealed as a final judgment); *Clements v. Southern Ry. Co.,* 179 N.C. 225, 102 S.E. 399, 400 (1920) ("[T]he allowance of a motion to dismiss is final, and of course appealable."); *cf. Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 79-80, 148 L. Ed. 2d 373 (2000) (holding that an order compelling arbitration under the FAA and dismissing the complaint with prejudice was a final decision subject to

immediate appellate review under federal law without deciding whether such a dismissal was actually proper under the statute).

¶ 19        The order before us places the above precepts in direct tension. Thankfully, North Carolina's RUAA, the FAA, and our state's caselaw provide a ready release: a North Carolina state trial court may not compel arbitration *and* dismiss a complaint with prejudice.

**C.  The RUAA Does Not Allow for Dismissal**

¶ 20        The plain text of the RUAA does not contemplate dismissal upon entry of an order compelling arbitration. To the contrary, it requires, in mandatory terms, that "the court on just terms *shall stay* any judicial proceeding that involves a claim subject to . . . arbitration." N.C. Gen. Stat. § 1-569.7(g) (2021) (emphasis added); *see also State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979) ("As used in statutes, the word 'shall' is generally imperative or mandatory."). Consistent with this language, we have mandated stays when reversing and remanding orders denying arbitration under the RUAA. *See Fontana v. Southeast Anesthesiology Consultants, P.A.*, 221 N.C. App. 582, 592 729 S.E.2d 80, 88 (2012) ("[S]ince we have held the breach of the employment contract is subject to arbitration, the trial court *must stay* the proceedings with regard to that claim." (emphasis added)); *Ellison v. Alexander*, 207 N.C. App. 401, 415, 700 S.E.2d 102, 112 (2010) ("[T]he trial court's order denying Defendants' motion to compel arbitration should be, and hereby is,

reversed and this matter is remanded to the trial court for the entry of an order staying all further proceedings and requiring the parties to proceed to arbitration.").

¶ 21        Other analogous decisions further illustrate that a stay, and not dismissal, is the proper remedy under the RUAA. In *Novacare Orthotics & Prosthetics East, Inc. v. Speelman*, the trial court granted a defendant's motion to dismiss on arbitrability grounds. 137 N.C. App. 471, 478, 528 S.E.2d 918, 922 (2000). We vacated that dismissal and remanded the matter for further proceedings, reasoning that "defendant's motion was an application *to stay litigation* and compel arbitration pursuant to [the RUAA's predecessor statute]," notwithstanding the fact that the motion sought outright dismissal of the plaintiff's complaint. *Id.* And, in another case surveying arbitration caselaw, we described a stay as the "appropriate remedy" when compelling arbitration. *Patel v. Scottsdale Ins. Co.*, 221 N.C. App. 476, 484, 728 S.E.2d 394, 400 (2012) ("After reviewing the relevant decisions of this Court, we note that, in the event that a litigant initiates civil litigation on the basis of a claim that is subject to arbitration, the appropriate remedy is to order the parties to arbitrate their dispute and stay the litigation pending completion of the arbitration process."). Indeed, Defendants' own brief to the trial court in this matter acknowledged that the RUAA calls for a stay when compelling arbitration.

¶ 22        Reading the RUAA to require a stay rather than dismissal is also in keeping with the purposes and structure of the statute. There is "a strong public policy

favoring the settlement of disputes by arbitration," *Johnston County, N.C. v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992), and our arbitration statutes serve "to provide and encourage an expedited, efficient, relatively uncomplicated, alternative means of dispute resolution, with limited judicial intervention or participation, and without the primary expense of litigation— attorneys' fees[,]" *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 154, 423 S.E.2d 747, 750 (1992). Notably, the RUAA itself does not allow for appeals from orders compelling arbitration; instead, a party contending he was wrongly ordered to submit his claim to arbitration may only challenge such a ruling by moving to vacate the award on that ground *after* said award has been rendered by the arbitrator and, should the award nonetheless be confirmed, appealing the issue after entry of that final judgment. N.C. Gen. Stat. §§ 1-569.28 & 1-569.23(a)(5) (listing the orders appealable under the RUAA—omitting orders compelling arbitration—and instead allowing a challenge to arbitrability by motion to vacate an award).[2]

---

[2] Orders denying arbitration are, by contrast, immediately appealable under the RUAA. N.C. Gen. Stat. § 1-569.28(a)(1); *see also Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991) ("[A]n order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed."). This is for good reason. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2nd Cir. 2015) ("[I]t would make little sense to receive a conclusive arbitrability ruling only after a party has already litigated the underlying controversy.").

¶ 23        With these intentions in mind, it is evident that allowing orders compelling arbitration to be entered as final judgments would re-inject the appellate judiciary into the proceedings at the exact juncture that the court system is supposed to be stepping aside in favor of arbitration. *See Henderson v. Herman*, 104 N.C. App. 482, 485, 409 S.E.2d 739, 741 (1991) (noting that, in passing the RUAA's predecessor statute, "the legislature intended the courts to send certain predetermined issues to arbitration and then to step back until the arbitration proceeding is complete"). We therefore hold, consistent with the plain language and purposes of the RUAA, that a trial court must stay proceedings when compelling arbitration. It may not convert what is otherwise intended to be an unappealable interlocutory order into an appealable final judgment by dismissing a complaint with prejudice.

### D. The RUAA's Procedural Law Applies Even If the FAA Governs the Substantive Law

¶ 24        Left unanswered by the above analysis is the FAA's role in this appeal. That statute contains a substantively identical provision to our RUAA that, in apparently mandatory terms, requires the trial court to enter a stay of those claims subject to arbitration. 9 U.S.C. § 3 (2022) ("[T]he court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until

such arbitration has been had . . . .").[3]  Ultimately, what Section 3 of the FAA procedurally requires is immaterial, as this Court has held that "Section 3 of the FAA only applies in federal district court, not in state court."  *Elliott v. KB Home North Carolina, Inc.*, 231 N.C. 332, 336, 752 S.E.2d 694, 697 (2013).  And because the procedural provision of the RUAA compelling a mandatory stay furthers the purposes of the FAA by favoring arbitration, the RUAA's procedural provisions back-fill the gap left by Section 3 of the FAA's inapplicability.  *See Blow v. Shaughnessy*, 68 N.C. App. 1, 313 S.E.2d 868 (1984) (holding the procedural stay provision of the RUAA's predecessor statute, and not Section 3 of the FAA, provide the remedy when compelling arbitration pursuant to an agreement governed by the FAA).

¶ 25    The trial court's order dismissing Plaintiff's complaint does not comport with the law as set forth above.  Under the RUAA, the trial court could only stay Plaintiff's complaint, N.C. Gen. Stat. § 1-569.7(g), and that procedural remedy is the only one available even if the FAA substantively governs the arbitration agreement at issue. We therefore vacate the portion of the order that dismisses the complaint with

---

[3] The federal circuits are presently split as to whether a trial court may dismiss a complaint in lieu of stay when compelling arbitration.  *See Katz*, 794 F.3d at 345 (reviewing the circuit split before holding that a stay, and not dismissal, is the only appropriate disposition in an order compelling arbitration under the FAA).  Different panels of the Fourth Circuit have rendered conflicting decisions on the matter.  *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) (noting that there is "some tension" between the Fourth Circuit's various decisions regarding the availability of dismissal under Section 3 of the FAA).

prejudice and remand the matter for entry of an order that stays the action.

### E. No Other Grounds Permit Appellate Review

¶ 26        Having held that the portion of the trial court's order giving this Court jurisdiction was in error, we now dismiss the remainder of Plaintiff's appeal. He has made no showing distinguishing this case from the decades of precedents holding orders compelling arbitration do not affect a substantial right, relying instead on entirely conclusory assertions without citation to caselaw or the record. *See K2HN Construction NC, LLC v. Five D Contractors, Inc.*, 267 N.C. App. 207, 213-14, 832 S.E.2d 559, 564 (2019) (observing that conclusory arguments are inadequate to raise an issue on appeal).

¶ 27        We also decline to treat Plaintiff's brief as a petition for writ of certiorari. Not only is making such a request absent a proper petition under Rule 21 of the North Carolina Rules of Appellate Procedure disfavored, *Doe v. City of Charlotte*, 273 N.C. App. 10, 23, 848 S.E.2d 1, 11 (2020), but Plaintiff has not demonstrated any basis for discarding the two substantial public policy considerations at play in this appeal. *See Embler*, 143 N.C. App. at 165, 545 S.E.2d at 261-62 (discussing the policy behind the prohibition against fragmentary interlocutory appeals); *Nucor Corp.*¸333 N.C. at 154, 423 S.E.2d at 750 (detailing the public policy rationale for favoring arbitration over traditional litigation).

### III.    CONCLUSION

For the foregoing reasons, we hold the trial court erred in dismissing Plaintiff's complaint with prejudice, vacate that limited portion of the order, and remand the matter for entry of an order that stays the litigation. We do not address the substantive merits of the trial court's order and pass no judgment as to whether arbitration was properly ordered in this case; Plaintiff may properly raise that issue before the trial court in the post-award proceedings authorized by statute and upon appeal of that interlocutory order from a final judgment confirming the award. *See C. Terry Hunt Indus., Inc.*, 255 N.C. App. at 12, 803 S.E.2d at 682 (detailing post-award challenges to arbitration under the RUAA); *In re Fifth Third Bank, Nat'l Ass'n*, 216 N.C. App. 482, 487, 716 S.E.2d 850, 854 (2011) (discussing the same under the FAA); N.C. R. App. P. 3 (2022) (allowing a party to designate an appeal from an order after judgment).

VACATED AND REMANDED IN PART; APPEAL DISMISSED IN PART

Judge DILLON concurs.

Judge MURPHY concurs by separate opinion.

No. COA22-116 – *Coles v. Sugarleaf Labs, Inc.*

MURPHY, Judge, concurring.

I fully join the Majority in its result and its analysis. However, insofar as ¶¶ 22-23 or 27, *supra*, could be read as even tacitly endorsing our current system or supporting a policy favoring arbitration, I write separately to reiterate the observations and critiques made in *AVR Davis Raleigh, LLC v. Triangle Constr. Co., Inc.*, 260 N.C. App. 459, 463-66, 818 S.E.2d 184, 188-89 (2018) (Murphy, J., concurring). To the extent that I am not bound to do so, I refuse to perpetuate the myth that it is the policy of the People of this state to favor arbitration over jury trials.