An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1026

Filed 4 June 2025

Wake County, No. 24CV004000-910

GWENDOLYN HORST, Plaintiff,

v.

PEYTON ROBINSON, HUNTER ROWE REAL ESTATE, INC., HUNTER ROWE SYSTEMS, LLC, RELEVATE REAL ESTATE, INC., and RELEVATE SYSTEMS, INC. (f/k/a RELEVATE SYSTEMS, LLC (f/k/a HUNTER ROWE SYSTEMS), Defendants.

Appeal by plaintiff from order entered 27 June 2024 by Judge Paul Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 20 May 2025.

*Howard Stallings Law Firm, by Brooke E. Webber and Matthew T. Langston, for plaintiff-appellant.*

*Cranfill Sumner LLP, by Steven A. Bader, Georgia H. Malik, Ryan D. Bolick, and Ceradini Law, PLLC by Matthew P. Ceradini, for defendants-appellees.*

PER CURIAM.

This appeal arises from a real estate dispute between a realtor and client. Plaintiff Gwendolyn Horst and her real estate agent/company ("Defendants") entered into an exclusive buyer agency agreement which contained an arbitration clause. Later, Plaintiff sued Defendants for: (1) negligent misrepresentation, (2) unfair and

deceptive trade practices, (3) breach of fiduciary duty, and (4) breach of contract.

Based on the arbitration clause in the buyer agency agreement, Defendants moved to compel arbitration. The trial court granted Defendants' motion. Plaintiff appeals. Defendants ask our Court to dismiss Plaintiff's appeal as interlocutory.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357. 362 (1950). Here, Plaintiff concedes that her appeal is interlocutory but argues that her appeal warrants immediate review because it affects a substantial right. *See Sharpe v. Worland*, 351 N.C. 159, 162 (1999) (explaining that an interlocutory order may be immediately appealed if it affects a "substantial right").

Our Court has held that "an order compelling arbitration affects no substantial right that would warrant immediate appellate review[.]" *C. Terry Hunt Industries, Inc. v. Klausner Lumber Two, LLC*, 255 N.C. App. 8, 12 (2017). However, Plaintiff contends that her interlocutory appeal nonetheless affects a substantial right. Specifically, Plaintiff contests whether she consensually entered into the arbitration agreement. And she argues this question affects a substantial right which warrants immediate review. We disagree.

> It is well settled that an interlocutory order affects a substantial right if the order deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered. Essentially a two-part test has developed—the right itself must be

substantial and the deprivation of that right must potentially work injury if not corrected before appeal from final judgment.

*Sharpe,* 351 N.C. at 162 (cleaned up).

Plaintiff's proposed substantial right does not satisfy the two-part test under *Sharpe.* Despite Plaintiff's contentions, she is not precluded from presenting her argument regarding the validity of the arbitration agreement following completion of the arbitration proceedings. Following arbitration, Plaintiff may appeal the arbitrator's decision and argue that she did not consensually enter into the arbitration agreement. Under the Revised Uniform Arbitration Act, N.C.G.S. § 1-569, et seq., a party may move to vacate an arbitration award under certain circumstances, including the following:

There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under G.S. 1-569.15(c) no later than the beginning of an arbitration hearing[.]

N.C.G.S. § 1-569.23(a)(5) (2023). Thus, despite being compelled to arbitrate her claims, Plaintiff does not forfeit her right to contest whether she validly entered into the arbitration agreement. Accordingly, we grant Defendants' motion to dismiss this interlocutory appeal. We also deny Plaintiff's petition for writ of certiorari.

DISMISSED.

Panel consisting of Chief Judge DILLON and Judges ARROWOOD and HAMPSON.

Report per Rule 30(e).