An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-356

Filed 7 January 2026

Wake County, No. 24CV004455-910

KIMBALL SARGENT, Petitioner,

v.

NORTH CAROLINA BOARD OF NURSING, Respondent.

Appeal by Petitioner from order entered 13 December 2024 by Judge Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 18 November 2025.

*Dowling PLLC, by Troy D. Shelton, for Petitioner-Appellant.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by A. Grant Simpkins, for Respondent-Appellee.*

COLLINS, Judge.

Petitioner Kimball Sargent appeals from the trial court's order on her petition for judicial review of the North Carolina Board of Nursing's Final Decision and Non-Disciplinary Order. Because the trial court's order remands the case to the Board for further proceedings and Petitioner has not shown we have the authority to review this interlocutory order, we dismiss Petitioner's appeal.

## I.    Procedural Background

Petitioner is a clinical nurse specialist.  In 2015, a complaint against Petitioner was submitted to the North Carolina Board of Nursing for exceeding her scope of practice.  The Board investigated the complaint and concluded that "there [was] insufficient evidence [Petitioner] engaged in activities that were outside her scope of practice as a psychiatric mental health clinical nurse specialist . . . ."  The Board issued a "No Action" letter, stating that "no action will be taken by the Board in this matter and this will conclude [the Board's] review."

In 2019, a second complaint was submitted to the Board against Petitioner regarding the same facts as the 2015 complaint.  In 2023, the Board issued a Notice of Hearing on the 2019 complaint to Petitioner.  The hearing took place on 30 August 2023.

The Board entered its final decision and non-disciplinary order on the 2019 complaint on 6 December 2023.  The Board concluded that Petitioner had exceeded her scope of practice and violated the Nursing Practice Act and Administrative Code, but that it was estopped from disciplining Petitioner by its prior No Action letter.  The first paragraph of the decretal portion of the final decision states:

> [Petitioner] shall practice within the parameters of her education, national certification and maintained competence and is prohibited from providing psychotherapy to children, until and unless she has completed the additional education in TFCBT or current psychotherapeutic interventions with children and secures the proper credentials and certifications.

Petitioner timely filed a petition for judicial review in the superior court. The trial court entered a temporary restraining order to stay the Board's decision, and the Board consented to a preliminary injunction staying the decision. The matter was heard on 18 November 2024, and the trial court entered an order on 13 December 2024. The trial court found that the evidence supported the Board's decision, but vacated and remanded the decision with the following statement:

> Paragraph one of the decretal portion of the Final Decision is vacated and shall not be enforced against Petitioner. This matter is remanded to the Board for further proceedings if the Board wishes to seek to impose limitations on Petitioner's ability to provide "psychotherapy to children."

Petitioner appeals.

## II. Appellate Jurisdiction

We first address our jurisdiction to hear this appeal. Petitioner appeals from an interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *C. Terry Hunt Indus., Inc. v. Klausner Lumber Two, LLC*, 255 N.C. App. 8, 11 (2017) (quotation marks and citation omitted). "Generally, a party has no right of appeal from an interlocutory order." *Edwards v. GE Lighting Sys., Inc.*, 193 N.C. App. 578, 581 (2008) (citation omitted). This court therefore "must dismiss an appeal from an interlocutory order for lack of subject-matter jurisdiction, unless the appellant is able

to carry its burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature." *C. Terry Hunt Indus., Inc.*, 255 N.C. App. at 11 (quotation marks and citation omitted).

Immediate appeal from an interlocutory order may be allowed in several instances, including "(1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to [N.C. Gen. Stat. § 1A-1, Rule 54(b),] or (2) if the trial court's decision deprives the appellant of a substantial right" that will be lost absent immediate review pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)(a). *Woody v. Vickrey*, 276 N.C. App. 427, 433 (2021) (citation omitted). Here, the trial court did not certify the order under Rule 54(b).

When an appellant asserts this Court has jurisdiction based on a substantial right, "the statement [of grounds for appellate review] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). Our appellate courts have developed a two-part test to determine whether an order affects a substantial right: first, "the right itself must be substantial[,]" and second, "the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726 (1990) (citation omitted). A substantial right determination "usually depends on the facts and circumstances of each case and the procedural context of the orders

appealed from." *Estrada v. Jaques*, 70 N.C. App. 627, 642 (1984) (citation omitted). Thus, the burden rests upon the appellant to demonstrate that the trial court's order deprives the appellant of a substantial right that will be lost without an immediate appeal. *See Dailey v. Pompa*, 191 N.C. App. 64, 68 (2008).

Here, the trial court vacated and remanded a portion of the Board's final decision for further proceedings. "Because the order requires further action to settle the controversy, it is interlocutory . . . ." *Heritage Pointe Builders v. N.C. Licensing Bd. of Gen. Contractors*, 120 N.C. App. 502, 504 (1995) (citation omitted). Petitioner failed to acknowledge the interlocutory nature of the order and failed allege in her statement of grounds for appellate review "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). Thus, Petitioner did not satisfy her burden of demonstrating that the order is appealable despite its interlocutory nature, and this appeal must be dismissed.

## III. Conclusion

For the foregoing reasons, we dismiss Petitioner's appeal for lack of subject matter jurisdiction.

DISMISSED.

Judges ARROWOOD and HAMPSON concur.

Report per Rule 30(e).