IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-709

Filed 15 April 2026

Durham County, No. 24CVS001218-310

MONIQUE HOLSEY-HYMAN, Plaintiff,

v.

JARROD B. EDENS, EDENS INVESTMENTS, INC., SARA M. YOUNG, Individually and in her official capacity as City of Durham Planning Director, KIMBERLY M. REHBERG, Individually and in her official capacity as City Attorney for Durham, JILLIAN N. JOHNSON, Individually and in her official capacity as a member of the Durham City Council, MARK A. MIDDLETON, Individually and in his official capacity as a member of the Durham City Council and Mayor Pro Tempore, and THE CITY OF DURHAM, a Municipal Corporation, Defendants.

Appeal by Defendants from order entered 21 April 2025 by Judge Timothy W. Wilson in Durham County Superior Court. Heard in the Court of Appeals 11 February 2026.

> *DeMent Askew Johnson & Marshall, LLP, by James T. Johnson and Jonathan W. Martin, and Law Offices of Corey Cartwright, PA, by Corey C. Cartwright, for Plaintiff-Appellee.*

> *Durham City Attorney's Office, by John Roseboro and Aarin Miles, for Defendants-Appellants Sara M. Young, Jillian N. Johnson, Mark A. Middleton, and the City of Durham.*

COLLINS, Judge.

Defendants Sara M. Young, Jillian N. Johnson, Mark A. Middleton, and the City of Durham appeal the trial court's order denying their Rule 12(b)(6) motion to dismiss. Because Defendants have failed to show the trial court's interlocutory order

affects a substantial right, we dismiss this appeal.

## I.    Background

Plaintiff Monique Holsey-Hyman was appointed to the Durham City Council in May 2022. On 6 March 2023, the Council considered a development request for the Carpenter Falls project. Plaintiff voted against the project; the resulting vote was a 3–3 tie, and the request was denied. Five days later, developer Jarrod Edens reported to Defendant Sara Young, the City's Planning Director, that Plaintiff had solicited a campaign contribution in exchange for her vote. Plaintiff alleges the accusation was false and that Young, City Attorney Kimberly Rehberg, and Councilmembers Defendants Jillian Johnson and Mark Middleton repeated or acted upon the accusation without investigation.

Rehberg circulated written communications to Councilmembers on 13 and 14 March 2023, describing the extortion allegation; Plaintiff alleges these communications implied her guilt and became public records. Plaintiff further alleges that Middleton immediately demanded her resignation and that Johnson later disclosed to the press that Plaintiff was the subject of the accusation. The Council subsequently referred the matter to the State Bureau of Investigation ("SBI"). The SBI ultimately exonerated Plaintiff.

Plaintiff also alleges that Johnson and Middleton prepared and presented a Resolution of Censure at the 23 March 2023 Council meeting based on a separate "city staffer" issue that had previously been investigated and resolved without finding

wrongdoing by Plaintiff. The Resolution was never voted on.

Plaintiff filed a complaint against numerous defendants, including Young, Johnson, Middleton, and the City of Durham in state court on 5 March 2024. Plaintiff alleged a federal claim under U.S.C. § 1983 and numerous state claims, including slander, libel, civil conspiracy, negligent or intentional infliction of emotional distress, and breach of fiduciary duty. Defendants removed the case to federal court where Plaintiff's federal claim was dismissed, and her state claims were remanded to state court. Defendants then filed a Rule 12(b)(6) motion to dismiss. The trial court allowed the motion in part and denied it in part. Defendants appealed the partial denial.

## II.    Discussion

### A. Appellate Jurisdiction

We first address our jurisdiction to hear Defendants' appeal from the trial court's interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *C. Terry Hunt Indus., Inc. v. Klausner Lumber Two, LLC*, 255 N.C. App. 8, 11 (2017) (citation omitted). "Generally, a party has no right of appeal from an interlocutory order." *Edwards v. GE Lighting Sys., Inc.*, 193 N.C. App. 578, 581 (2008) (citation omitted). However, immediate appeal from an interlocutory order may be allowed "if the trial court's decision deprives the appellant of a substantial right" that will be lost absent

immediate review. *Woody v. Vickrey*, 276 N.C. App. 427, 433 (2021) (citation omitted); N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3)(a) (2023).

Defendants moved to dismiss the complaint because "[l]egislative immunity bars the claim[s] against Defendants Middleton and Johnson that are based on their presenting a resolution of censure against Plaintiff during a City Council meeting." Defendants argue that the denial of legislative immunity to Johnson and Middleton affects a substantial right and therefore permits immediate review of the entire order. We disagree.

"[L]ocal officials are immune from suit if (1) they were acting in a legislative capacity at the time of the alleged incident; and (2) their acts were not illegal[,] . . . malicious, corrupt[,] or outside the scope of [their] official duties, even if they were legislative in nature." *Providence Volunteer Fire Dep't, Inc. v. Town of Weddington*, 382 N.C. 199, 220 (2022) (cleaned up). Whether an act is legislative is determined case-by-case. *Id.* Legislative immunity does not apply to administrative, executive, or political acts, nor to conduct undertaken with malice or corruption. *See id.*; *Vereen v. Holden*, 121 N.C. App. 779, 782 (1996).

The complaint alleges that Johnson and Middleton: leaked Plaintiff's identity to the press as the subject of an "extortion probe"; demanded Plaintiff's resignation within minutes of receiving the City Attorney's letter; coordinated with a private developer to remove Plaintiff from office; presented a Resolution of Censure they knew was false; made defamatory statements during the 23 March 2023 meeting that

Plaintiff had engaged in illegal campaign activity; and used the censure process as a tool to "defame, disparage, denigrate, humiliate and embarrass" Plaintiff.

The complaint further alleges that the Resolution of Censure: was not properly before the Council under its Rules of Procedure because censure requires "extreme or outrageous conduct," which Defendants knew was absent; was never voted on; and was introduced solely for reputational harm, not for any legitimate legislative purpose.

Accepting these allegations as true at the Rule 12(b)(6) stage, the conduct described is administrative, political, or personal–not legislative. *See Providence*, 382 N.C. at 220-21 (distinguishing legislative acts from administrative or retaliatory conduct); *Vereen*, 121 N.C. App. at 783. Because the complaint alleges conduct outside the "sphere of legitimate legislative activity," *Royal Oak Concerned Citizens Ass'n v. Brunswick Cnty.*, 233 N.C. App. 145, 149 (2014) (citation omitted), Defendants have failed at this stage to show that legislative immunity applies to Johnson and Middleton. Without a valid claim of immunity, no substantial right is implicated.

Furthermore, interlocutory review based on legislative immunity would extend only to the immunity issue. Johnson and Middleton cite no authority permitting review of all other issues they raise on appeal simply because they assert immunity. *See Beroth Oil Co. v. N.C. Dep't of Transp.*, 256 N.C. App. 401, 410-11 (2017) (party must show why each challenged ruling affects a substantial right).

Defendants further argue that, because Johnson and Middleton assert legislative immunity, this Court should review claims involving Young and the City "in the interest of judicial economy."

First, Defendants have failed at this stage to show that legislative immunity applies to Johnson and Middleton such that a substantial right is implicated. Furthermore, when an interlocutory appeal is properly before the Court, we may review only those issues that themselves affect a substantial right. *Id.* Defendants identify no substantial right implicated by the denial of the motion to dismiss as to Defendant Young or the City. Defendants' assertion that it "makes sense" to review everything now is insufficient as a matter of law. *Id.*

### III.    Conclusion

For the foregoing reasons, Defendants have failed to show that the trial court's order affects a substantial right. The appeal of this interlocutory order is dismissed. *See C. Terry Hunt Indus., Inc.,* 255 N.C. App. at 11.

DISMISSED.

Judges WOOD and STADING concur.